UNITED STATES

v.

**Airman Basic Joseph S. GARCIA, FR 443–54–8272 Headquarters, 57th Combat Support Group USAF Tactical Fighter Weapons Center (TAC).**

**ACM S24132 (f rev.).**

U. S. Air Force Court of Military Review.

5 Sept. 1975.

---

Appellate counsel for the Accused: Colonel William E. Cordingly and Major Byron D. Baur.

Appellate counsel for the United States: Colonel C. F. Bennett and Captain Frederick P. Waite.

DECISION UPON FURTHER REVIEW

PER CURIAM:

The record of trial in this case has been returned to this Court pursuant to the Order of the United States Court of Military Appeals. *United States v. Garcia*, 23 U.S.C. M.A. 479, 50 C.M.R. 498, 1 M.J. 77 (1975).

The accused was convicted by special court-martial of an offense of forgery by uttering a check with intent to defraud and an offense of absence without authority, in violation of Articles 123 and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 923, 886. The accused's sentence extended to a bad conduct discharge and confinement at hard labor for four months.*

On the reprinted cover page of the staff judge advocate's post-trial review, the in-

correct entry of the letter "G" indicated that the accused had entered a plea of guilty to the absence charge. Although we found this to be error, we were of the opinion that it was not prejudicial under the particular circumstances of the case. *United States v. Garcia*, 50 C.M.R. 263 (A.F.C.M.R. 1975). The Court of Military Appeals disagreed and found prejudicial error from this erroneous advice. The Court of Military Appeals further instructed that this Court could either set aside the findings of guilty of the absence specification and reassess the sentence or order a new review and action.

■ We have reviewed anew the entire record in this case and determined that justice can best be served by disapproving the absence charge and specification and reassessing the sentence. Accordingly, the findings of guilty as to the absence without authority offense are hereby set aside. The charge and specification are ordered dismissed.

■ Reassessing the sentence, we find it nonetheless to be appropriate. In this regard, we note that the period of absence was for only a period of six days. The forgery offense was by far the more serious charge against the accused and, viewing the record of the accused's previous misconduct which was properly before the court, we are convinced that the sentence adjudged was not materially affected by the short absence charge. Based upon the whole record, we find the bad conduct discharge and the period of confinement at hard labor to be appropriate for the sustained offense.

The approved findings of guilty, as modified herein, and the sentence are

Affirmed.

---

* On 18 April 1975, by Special Court-Martial Order No. 126, the Commander, Lowry Technical Training Center, Lowry Air Force Base, Colorado, suspended the punitive discharge until 17 October 1975, with provision for automatic remission.